IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







PD-0678-04






RONALD CLYDE SEALS, Appellant



v.



THE STATE OF TEXAS





ON DISCRETIONARY REVIEW OF CASE 05-03-01105-CR


OF THE FIFTH COURT OF APPEALS


COLLIN COUNTY






 Womack, J., filed a concurring opinion, in which Keller, P.J., and Meyers, J.,
joined.



 I join the Court's opinion. This Court's ill-considered definitions of the statutory term
"adulterants or dilutants" (1) led to the enactment of the Legislature's ill-considered definition in its
next session. Of course, this Court had no authority to invent a definition that was not based on
the meaning of the statutory language, while the Seventy-third Legislature had every authority to
enact a definition that put an end to this Court's adventure in writing statutes.

 I agree that we have a duty to interpret and apply that definition according to its language,
which is clear. Only our obligations to uphold the constitutions could override that duty. There is
no constitutional question in this case, in my view. But the statutory definition may be so
inclusive as to invite constitutional problems.

 For example, it is no rarity for suspects to attempt to flush controlled substances down the
toilet. For that reason, officers who are executing a search warrant frequently assign one person
to secure the bathroom immediately. I would hate to see this Court forced to hold the statute
unconstitutional when a prosecutor tried to include all the water in the toilet bowl as part of the
controlled substance.

 But a prosecutor might. This case is before us today because a prosecutor tried to include
the appellant's blood as part of the controlled substance. Whether that is what the statute should
allow is a question for the legislature. I agree that, as it stands now, the statute does allow a
prosecutor to do it, and the constitutions do not forbid it.


En banc.

Delivered November 16, 2005.

Publish.
1. What this court did was even worse than we say today. In McGlothlin v. State, 749 S.W.2d 856, 858
(Tex. Cr. App. 1988), the court concluded "that within the field of drugs and controlled substances, 'adulterants' and
" 'dilutants' are compounds, substances, or solutions added to the controlled substance with the intent to increase the
bulk of the product. Or, increase the quantity of the product without affecting its activity." Having thus violated the
rules of grammar as well as the rules of statutory construction, the court applied its definition to a flask containing
"mostly water" that the State's expert agreed had only "a residual and insignificant amount" of controlled substance
in it, on top of which floated an "organic layer" that was "distinct and observable." This layer seemed to contain
most of the controlled substance, and the defendant's expert said it contained less than 400 grams of amphetamine.
The court held that the evidence was insufficient to prove the offense of possession of more than 400 grams of
amphetamine because "the record contains no evidence that the water was intended to increase the bulk or quantity
of the final product." Id., at 861.

 

 In Cawthon, four years later, this court simultaneously said that McGlothlin "sets forth the only definition of
adulterants and dilutants recognized by this Court," and that there was more to the definition: an adulterant or
dilutant also must be something that "has not affected the chemical activity of the named illegal substance." Cawthon
v. State, 849 S.W.2d 346, 348-49 (Tex. Cr. App. 1992).